## AUERBACH v. FLEMING.

### No. 397.

United States Emergency Court of Appeals.

Heard at Los Angeles, April 7, 1947.
Decided May 1, 1947.
Writ of Certiorari Denied June 16, 1947.
See 67 S.Ct. 1742.

Morris Lavine, of Los Angeles, Cal., for complainant.

William R. Ming, Jr., Associate Gen. Counsel, of Washington, D. C. (Carl A. Auerbach, Gen. Counsel, of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.

LINDLEY, Judge.

Complainant, a real estate agent in the city of Los Angeles, was indicted in 1945, charged with having violated the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., and the rent regulations promulgated in pursuance thereof and, having been convicted, obtained leave in the District Court to apply to this court for determination of the "constitutionality, construction and validity of the statute and regulations made thereunder and the con-

stitutionality, construction and validity of the proceedings had pursuant to said statute and regulations." Thereupon he filed his complaint attacking the constitutional sufficiency of the definition of the term "rent" contained in the Emergency Price Control Act, as follows: "The term 'rent' means the consideration demanded or received in connection with the use or occupancy or the transfer of a lease of any housing accommodation." He attacks also the sufficiency of the definition of the same term contained in Section 13, sub-paragraph 10 in the applicable regulation: " 'Rent' means the consideration, including any bonus, benefit, or gratuity, demanded or received for or in connection with the use or occupancy of housing accommodations or for transfer of a lease of such accommodations." He averred further that the specific acts upon which his indictment and conviction were based cannot properly be construed as a violation of the Act or the regulations. He complains also that the definition of "person" contained in Section 13(a) of the regulation is too indefinite. That section reads: " 'Person' includes an individual, corporation, partnership, association, or any other organized group of persons, or legal successor or representative of any of the foregoing and includes the United States or any agency thereof, or any other government, or any of its political subdivisions, or any agency of any of the foregoing."

■ It is apparent at the outset that the constitutionality of the statute and the interpretation of the regulation as well as the applicability of each to complainant are questions which concern only the enforcement court. Congress left to that court all legal questions in enforcement actions, save only that of validity of the regulation. Consequently we refrain from any discussion of constitutionality of the Act, applicability of the regulation to complainant or the proper interpretation of the regulation as applied to complainant in the District Court and confine our remarks to questions involved in determining validity of the regulation involved.

Complainant conceived the idea and built up the practice of procuring for tenants living accommodations in a time of housing shortage. He arranged with landlords and with agents of landlords to advise him of vacancies. He thereupon "sold the information," as he says, to searching prospective tenants, charging them a fee for supplying advice as to vacancies of which he had learned from landlords, which, in case the applicant accepted the tenancy, the complainant retained as his own, after remitting 25 per cent thereof to the landlord. Thus, in each of the two instances involved in the enforcement action, he collected a fee of some $60 and, upon acceptance of the premises by the tenant, paid to the landlord $15, retaining the balance for himself. He claims that the Administrator's attempt to prevent him from engaging in such transactions violates his constitutional rights.

■ It seems clear to us that there is no uncertainty, vagueness, obscurity or ambiguity in the definition of "persons" which the Administrator has included in the regulation; it was intended to and does include any person or legal entity of any character. Complainant, when he examined the definition, could have entertained no uncertainty that he was included therein.

■ We reach the same conclusion as to the sufficiency of the regulatory definition of the word "rent" as any consideration, including any bonus, benefit, or gratuity, demanded or received for or in connection with the use or occupancy of housing accommodations or for transfer of a lease of such accommodations. This is clear expression of the underlying purpose to prevent inflation of rents. In order to achieve that purpose, the Administrator attempted to reach and include any and all consideration amounting to benefit to the landlord over and above the stated rental. He knew that a tenant who pays any sum over and above maximum rental, any part of which goes to the landlord and is retained by him, is compelled to contribute more than the fixed rental, and he proposed that those who should receive this additional money would do so in violation of the regulation. There is nothing uncertain about this. If such practices were permissible, evasion would become facile and effective.

In this connection it is well to observe the provisions of Section 9, governing evasion as follows: "(a) General. The maxi-

mum rents and other requirements, provided in this regulation shall not be evaded, either directly or indirectly, in connection with the renting or leasing or the transfer of a lease of housing accommodations, by way of absolute or conditional sale, sale with purchase money or other form of mortgage, or sale with option to repurchase, or by modification of the practices relating to payment of commissions or other charges or by modification of the services furnished with housing accommodations, or by tying agreement or otherwise." The regulation provides that its requirements shall not be evaded "either directly or indirectly" in connection with the renting or leasing of housing accommodations, by any means whatsoever. It would seem obvious that complainant falls within this prohibition of evasion as the District Court has found and that the language used by the Administrator was clear and explicit to the effect that no matter how accomplished, evasion was not to be countenanced. Not only does the regulation forbid evasion, directly or indirectly, but the statutes of the United States further provide that one who "aids, abets, counsels, commands, induces, or procures its commission" of an offense against the United States is guilty as a principal himself. 18 U.S.C.A. § 550. So when complainant collected a so-called fee which he became entitled to retain only if and when a rental contract was made and part of which he paid directly to the landlord, thus increasing the landlord's consideration for renting the premises, he not only evaded the regulation himself according to its terms but also aided and abetted the landlord in the latter's violation.

As we have indicated, the applicability of the regulation to complainant and to the acts which it is charged amounted to a violation of the law upon his part are questions for the enforcement court. Our comments with regard to his actions are not intended to affect in anywise the proper determination of those questions by the enforcement court but are supplied here for the sole purpose of lending light upon the questions raised by complainant, namely, the unconstitutionality of the regulation because of alleged insufficiency of definition of persons, rents and evasion.

As for the suggestion that the regulation inevitably tended to restrain complainant's constitutional rights in that he was deprived of the right to do business as a real estate broker, it is sufficient to observe that the regulation does not purport to reach to any such extent. It purports only to fix maximum rents and to prevent evasion thereof by any person under any guise. Complainant's contribution of an additional bonus to the landlord in violation of the regulation is no part of his constitutional rights and to prevent his evasion of the maximum rentals established under the Emergency Price Control Act is to interfere in no manner with any of his constitutional rights.

Judgment will enter dismissing the complaint.